UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| RICHARD FERNBACH, | : | Case No. 1:22-cv-644 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Stephanie K. Bowman |
| HAMILTON COUNTY OHIO, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a pre-trial detainee in the Hamilton County Justice Center, has filed a *pro se* "Complaint/Petition for Ex Parte Injunction/Ex Parte Restraining Order" against the State of Ohio, Hamilton County, and various other governmental and individual defendants. (*See* Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). This matter is also before the Court on plaintiff's motion for default judgment. (Doc. 8).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v.*

*Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, plaintiff, who describes himself as a "natural living soul blood and flesh man human being," seeks to challenge his underlying arrests and ongoing state-court prosecution in Hamilton County Case No. B2106472. (Doc. 1, at PageID 3-7).[1] Relying on principles of due process, as well as, *inter alia*, the Uniform Commercial Code (UCC), the "Emergency Banking Act [of] March 9, 1933," the suspension of the Gold Standard, the "UNIDROIT Statute," maritime law, citations to definitions from the United States Code, and the Code of Federal Regulations, plaintiff alleges that the defendants lack "complete and total" jurisdiction over him

---

[1] A search of the Hamilton County Clerk of Court's website reveals that petitioner has a criminal matter pending in Case No. B2106472. (Viewed at: https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=B+2106472&submit.x=22&submit.y=10.) This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

and challenges the amount of his bond and his representation by appointed counsel. (Doc. 1, at PageID 2, 6-12). In his motion for default judgment and a separate "Addendum to Default Judgment and Affidavit," plaintiff also alleges, respectively, a state-law claim for malicious prosecution and that he was threatened with being tased at a hearing if he "did not keep his mouth shut." (Doc. 8, at PageID 46; Doc. 9, at PageID 64).[2]

For relief, plaintiff seeks an "Order Ex Parte Injunction/Ex Parte Restraining Order directed to Respondents forthwith." (Doc. 1, at PageID 2).[3]

As explained below, the complaint is subject to dismissal for various reasons. Specifically, plaintiff has failed to state a plausible federal claim, or the defendants are either immune or are not state actors against whom a 42 U.S.C. § 1983 claim can be raised, or plaintiff cannot raise claims relating to his ongoing state-court criminal proceedings in this civil action.

First, plaintiff's claims against the State of Ohio must be dismissed because the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh

---

[2] In keeping with the liberal amendment policy of Fed. R. Civ. P. 15(a), the Court has considered these new allegations in the screening of plaintiff's complaint.

[3] The Court notes that plaintiff's complaint "bears the hallmark of the sovereign citizen movement." *Woodson v. Woodson*, No. 22-MC-00003-TLP-TMP, 2022 WL 16985602, at *1 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, No. 222MC00003TLPTMP, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022). The *Woodson* court explains:

> Sovereign citizens (or "sovereigns") are a "loosely knit network" of individuals who express a shared anti-government sentiment. *United States v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305, at *1 (E.D. Tenn. Jun. 28, 2019) (citing Joshua P. Weir, Sovereign Citizens: A Reasoned Response to the Madness, 19 LEWIS & CLARK L. REV. 830, 834 (2015)). "Members of the contemporary movement believe that with the passage of the Fourteenth Amendment, along with various developments in commercial law (including the adoption of the Uniform Commercial Code ("UCC"), abandonment of the gold standard, and creation of the Federal Reserve Bank), the modern-day legal system has tricked people into giving up their 'sovereign' citizenship in order to receive government benefits." *Id*. (citing Weir, supra, at 837; Francis X. Sullivan, The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement, 1999 WIS. L. REV. 785, 795-813 (1999)).

*Woodson*, 2022 WL 16985602, at *1 (noting that "[s]overeign citizen pleadings are 'dense, complex, and virtually unreadable.'") (quoting *Cook*, 2019 WL 2721305, at *1 (in turn quoting *Sullivan*, *supra*, at 796)).

4

Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Therefore, the State of Ohio is immune from suit in this case and plaintiff's complaint should be dismissed as against it.

Likewise, plaintiff's claims against defendant Judge Leslie Ghiz should be dismissed. It is well-settled that judges are generally absolutely immune from civil suits. *Bright v. Gallia Cty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014) (citing *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir. 1997), in turn citing, *inter alia*, *Mireles v. Waco,* 502 U.S. 9, 9 (1991) (per curiam)). The absolute immunity accorded to judges extends not only to claims for damages, but also to requests for injunctive and others forms of equitable relief. *Mireles,* 502 U.S. at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages").

This far-reaching protection was adopted "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal citation and quotation marks omitted); *see also Barnes,* 105 F.3d at 1115 (quoting *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435 (1993)) ("The doctrine of judicial immunity is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'").

Given the "strong policy justifications for the doctrine," absolute judicial immunity can be overcome only when the plaintiff's claims are based on (1) non-judicial actions, such as administrative acts unrelated to judicial proceedings; or (2) "actions, though judicial in nature, [that are] taken in the complete absence of jurisdiction." *Bright,* 753 F.3d at 649 (quoting *Mireles,* 502 U.S. at 11-12). The Supreme Court has held that "whether an act . . . is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362 (1978)). Absence of jurisdiction refers to the lack of subject matter jurisdiction. *See, e.g., Bradley v. Fisher,* 80 U.S. 335, 351-52 (1871) (distinguishing "excess of jurisdiction" from "the clear absence of all jurisdiction over the subject-matter"); *Bright,* 753 F.3d at 649 (quoting *Holloway v. Brush,* 220 F.3d 767, 773 (6th Cir. 2000) (en banc), and *Barnes,* 105 F.3d at 1122) ("[o]nly in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity," whereas "[g]enerally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes"). Therefore, as the Supreme Court has also made clear, the immunity offered judicial officers in the performance of judicial duties is not overcome by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of . . . authority." *See Mireles*, 502 U.S. at 11, 13 (and Supreme Court cases cited therein); *see also Bright*, 753 F.3d at 649-50 (citing *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001)) (holding that the district court erred in denying absolute judicial immunity to the defendant judge with subject matter jurisdiction over the underlying criminal proceedings, who had engaged in actions that "were petty, unethical, and unworthy of his office").

It is clear from the face of plaintiff's complaint that any complained-of actions on the part of Judge Ghiz pertain entirely to alleged actions performed in plaintiff's underlying criminal action and, thus, to the performance of tasks and duties that were judicial in nature. (*See, e.g.*, Doc. 1, at PageID 6-7). *Cf. Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)) ("The application of judicial immunity is simple and noncontroversial when applied to 'paradigmatic judicial acts,' or acts of actual adjudication, *i.e.*, acts involved in resolving disputes between parties who have invoked the jurisdiction of the court."). Moreover, plaintiff's allegations do not suggest that Judge Ghiz lacked subject matter jurisdiction in the case at issue.[4] As plaintiff does not allege facts that, when accepted as true, show either of the exceptions to judicial immunity apply, Judge Ghiz is entitled to absolute judicial immunity from plaintiff's claims.

Similarly, defendant Hamilton County Ohio Prosecutor[5] is entitled to prosecutorial immunity. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Marietta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the

---

[4] Although, as noted above, plaintiff asserts that the defendants lacked jurisdiction over him (*see* Doc. 1, at PageID 3), plaintiff's conclusory assertions are the type of "labels and conclusions" and "formulaic recitation of the elements of a cause of action" that are insufficient to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

[5] It is not clear from plaintiff's complaint whether he is suing the individual prosecutor who initiated his underlying criminal action or the Office of the Hamilton County Prosecutor. As set forth herein, to the extent plaintiff is suing an individual prosecutor as a defendant, he or she is entitled to absolute immunity. To the extent plaintiff is suing the Office of the Public Defender, it is "not *sui juris*, meaning [it is] not [an] independent legal entit[y] capable of suing or being sued." *Lenard v. City of Cleveland*, No. 1:17 CV 440, 2017 WL 2832903, at *2 (N.D. Ohio June 30, 2017). Even liberally construing such claims as against Hamilton County, the claims would fail because plaintiff has not identified a particular Hamilton County policy or custom that the defendants were following or connected that policy or custom to his alleged injuries. *See id.*

State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir. 1998). In this case, plaintiff's claims against the Hamilton County Ohio Prosecutor are premised on the prosecutor's initiation and pursuit of criminal charges against plaintiff. (*See, e.g.*, Doc. 1, at PageID 6-7). Because these activities are intimately associated with the judicial phase of the criminal process, defendant Hamilton County Ohio Prosecutor is entitled to immunity.

Next, to the extent that plaintiff relies on the UCC, the Emergency Banking Act of March 9, 1933, the suspension of the Gold Standard, the UNIDROIT Statute, maritime law, definitions from the United States Code, and the Code of Federal Regulations to support his claims, he has failed to state a claim upon which relief may be granted. *See, e.g., Bey v. Jefferson*, No. 2:17-CV-1007-RMG-MGB, 2017 WL 9250348, at *5 (D.S.C. Apr. 24, 2017), *report and recommendation adopted,* No. CV 2:17-1007-RMG, 2017 WL 1956979 (D.S.C. May 11, 2017) (rejecting sovereign-citizen claims under the UCC); *Mallory v. Obama,* No. 1:15–CV–1090, 2015 WL 7722034, at *2 (W.D. Mich. Nov. 30, 2015) (rejecting sovereign-citizen claims under the Emergency Banking Relief Act of 1933). *See also United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994) (rejecting similar argument as being "without merit and patently frivolous."). The

8

Court is unable to infer any plausible cause of action from plaintiff's complaint under any of the above cited federal provisions.

Nor has plaintiff stated a claim for relief under 42 U.S.C. § 1983.[6] First, plaintiff's claims against Hamilton County should be dismissed. To state a claim for relief against Hamilton County, plaintiff must allege that his alleged "injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694 (1978); *Doe v. Claiborne Cty.*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk Cty. v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In this case, plaintiff has alleged no facts indicating that Hamilton County was acting pursuant to a governmental policy or custom in allegedly violating plaintiff's rights. Therefore, plaintiff has failed to state a viable § 1983 claim against this defendant.

Plaintiff has also failed to state a claim against the Hamilton County Ohio Sheriff. Plaintiff has not alleged that the Hamilton County Sheriff was personally involved in any alleged unconstitutional activities. *Rizzo v. Goode,* 423 U.S. 362, 371 (1976). Even liberally construing plaintiff's claims against the Sheriff as against Hamilton County, such claims would fail for the reasons previously stated by the Court. *See Monell*, 436 U.S. at 691.

---

[6]The Court understands plaintiff's remaining claims, for alleged violations of the Fourteenth Amendment's Due Process Clause and alleged threating conduct, to be brought under 42 U.S.C. § 1983. "Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'" *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) (footnote omitted).

9

Likewise, plaintiff's claims against the Colrain Township Police Department are subject to dismissal. This defendant is not "*sui juris*" and thus is not "capable of suing or being sued." *Lenard,* 2017 WL 2832903, at *2. And, as above, even liberally construing such claims as against Colrain Township, plaintiff has not identified a particular Colrain Township policy or custom that the defendants were following or connected that policy or custom to his alleged injuries. *Monell,* 436 U.S. at 691.

In addition, plaintiff's complaint fails to state a claim for relief under § 1983 against defendant Donna S. Denham, his appointed defense attorney in his state criminal case. (*See* Doc. 1, at PageID 6-7).[7] In order to maintain an action under § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As a lawyer representing a client, defendant Denham was not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). Plaintiff has thus failed to state a viable § 1983 claim against this defendant.

Moreover, plaintiff names various other individual defendants, several of whom are named multiple times, *e.g.*, William Elbert Fernbach, II, Seth Moore/8LSMoo, Seth Moore, Jon

---

[7]To the extent that plaintiff is also suing the Office of the Hamilton County Ohio Public Defender separately from defendant Denham (*see* Doc. 1, at PageID 1), such a claim is subject to dismissal. As set forth above, plaintiff has failed to allege that his rights were violated pursuant to an official Hamilton County policy or custom. *See, e.g., Livingston v. Francis*, No. 3:12 CV 2880, 2013 WL 395525, at *3 (N.D. Ohio Jan. 31, 2013) (dismissing Hamilton County Public Defender).

Middendorf/81jmid, Jon Middendorf, Benjamin Gifford/81bgif, Benjamin Gifford, Johnathan McMahon/81jmcm, and Johnathan McMahon, without any factual allegations establishing that they are state actors. Because plaintiff has failed to allege that these defendants are state actors, plaintiff has failed to state a § 1983 claim upon which relief may be granted against these defendants. *See Graham*, 804 F.2d at 957.

Furthermore, plaintiff's claim that he was threatened with being tased during a hearing is subject to dismissal. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cty. Domestic Relations*, 283 F. App'x 8, 11 (3d Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). *Cf. Fuller v. Tennessee Dep't of Correction*, No. 17-1145-JDT-CGC, 2018 WL 991547, at *4 (W.D. Tenn. Feb. 20, 2018) ("The mere threat to use a taser is insufficient to support an Eighth Amendment claim of excessive force.") (citing *Pickard v. Hardy*, No. 3:15-cv-P305-DJH, 2016 WL 865327, at *4 (W.D. Ky. Mar. 2, 2016); *Salvodon v. Ricotta*, No. 07-CV-174 (ENV) (LB), 2013 WL 3816728, at *6 (E.D.N.Y. July 22, 2013)); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004).

Finally, to the extent that plaintiff seeks to bring Fourteenth Amendment due process claims against "others unknown" arising out of his arrests and/or prosecution (*see* Doc. 1, at PageID 1), such constitutional claims are also subject to dismissal.

Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger*, the federal court must abstain where

"(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief" *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. Because plaintiff's criminal case remains pending in state court, the first *Younger* factor is satisfied. Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise any constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 15). Plaintiff possesses an adequate opportunity to raise any constitutional issues in his pending state-court action or in a subsequent appeal. Because plaintiff has failed to allege facts suggesting the existence of extraordinary circumstances barring abstention, abstention under *Younger* is appropriate.[8]

---

[8] In the event that plaintiff is convicted in the underlying state criminal case, the Court notes that a subsequent § 1983 civil rights action challenging the validity of those proceedings will not lie unless plaintiff has been successful in having the conviction or sentence invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). If plaintiff is convicted in state court and believes that his federal constitutional rights were violated, he may file an application for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 after exhausting state remedies. In this regard, the

Accordingly, in sum, plaintiff's complaint (Doc. 1) should be **DISMISSED with prejudice,** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception, in an abundance of caution, of any Fourteenth Amendment due process claims against "others unknown" arising out of his underlying arrests and/or state-court prosecution, which should be **DISMISSED without prejudice** pursuant to the *Younger* abstention doctrine. *See Loch v. Watkins*, 337 F.3d 574, 579 (6th Cir. 2003) (affirming dismissal of claims on the ground of abstention). The Court should **DECLINE** to exercise supplemental jurisdiction over any remaining state-law claims and **DISMISS** such claims **without prejudice**. 28 U.S.C. § 1367(c)(3).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED with prejudice,** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of any Fourteenth Amendment due process claims against "others unknown" arising out of his underlying arrests and/or state-court prosecution, which should be **DISMISSED without prejudice**.

2. In light of the above recommendation, the plaintiff's motion for default judgment (Doc. 8) be **DENIED as moot**.

3. The Court **DECLINE** to exercise supplemental jurisdiction over any remaining state-law claims and **DISMISS** such claims **without prejudice**. 28 U.S.C. § 1367(c)(3).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

---

Court notes that plaintiff has filed a separate habeas corpus action in this Court in Case No. 1:22-cv-646, raising the same claims as are presented in the instant complaint. In a separate Report and Recommendation, issued this date, the Court has recommended that the habeas petition be dismissed without prejudice under *Younger* to the extent that it seeks to challenge the validity of petitioner's state criminal proceedings.

13

and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 9, 2023  *s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
United States Magistrate Judge